NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| JASON EVAN BROWNE, | ) | No. 10-17650 |
| | ) | |
| Petitioner - Appellant, | ) | D.C. No. 3:07-cv-00290-RCJ-RAM |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| RENEE BAKER; NEVADA | ) | |
| ATTORNEY GENERAL, | ) | |
| | ) | |
| Respondents - Appellees. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Submitted November 4, 2013**
San Francisco, California

Before: FARRIS, FERNANDEZ, and IKUTA, Circuit Judges.

Jason Evan Browne appeals the district court's denial of his petition for a

writ of habeas corpus. See 28 U.S.C. § 2254. We affirm.

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral
argument. Fed. R. App. P. 34(a)(2).

(1)     Browne first argues that his right to due process under the Fourteenth Amendment to the United States Constitution was violated when the jury was improperly instructed on the deliberation element of first degree murder.  See Nev. Rev. Stat. § 200.030(1)(a).  We disagree.  The Nevada Supreme Court determined that the instruction regarding deliberation was no longer proper, but that the new instructional requirements would not apply to defendants whose cases were final when the new requirements were adopted.  See Nika v. State, 124 Nev. 1272, 1287–88, 198 P.3d 839, 850 (2008).  We ultimately agreed with the Nevada Supreme Court's determination.  See Babb v. Lozowksy, 719 F.3d 1019, 1028–30 (9th Cir. 2013).  Browne has waived[1] any argument that his conviction was not final before 2000 when the law of Nevada changed.[2]  In any event, we agree with the district court that on the facts of this case any error in failing to apply the new instructional requirements was harmless.  See Fry v. Pliler, 551 U.S. 112, 116, 127 S. Ct. 2321, 2325, 168 L. Ed. 2d 16 (2007); Brecht v. Abrahamson, 507 U.S. 619, 637–38, 113 S. Ct. 1710, 1722, 123 L. Ed. 2d 353 (1993).  Therefore, the district court did not err.

---

[1]Arguments not raised in the opening brief are waived.  See Brooks v. City of San Mateo, 229 F.3d 917, 922 n.1 (9th Cir. 2000); see also Greenwood v. FAA, 28 F.3d 971, 977 (9th Cir. 1994).

[2]See Byford v. State, 116 Nev. 215, 235–36, 994 P.2d 700, 713 (2000).

2

(2)     Browne next asserts that his right to confrontation under the Sixth Amendment to the United States Constitution was violated when evidence regarding statements by his victim were admitted at his trial.  However, on this record we are unable to say that the Nevada Supreme Court unreasonably determined[3] that certain statements were not hearsay at all,[4] and to the extent that Browne's right to confrontation was violated by admission of any of the statements, the error was harmless.[5]  Again, the district court did not err.

(3)     Finally, Browne asserts that the Nevada Supreme Court unreasonably determined that his counsel were not ineffective when they failed to present evidence of his psychological and mental infirmities to the jury at the guilt phase of his trial.  Not so.  Especially when we give the double deference[6] we owe in this area, we are unable to say that it was unreasonable to hold that counsels' tactical

---

[3]See Lockyer v. Andrade, 538 U.S. 63, 75, 123 S. Ct. 1166, 1174, 155 L. Ed. 2d 144 (2003); see also Williams v. Taylor, 529 U.S. 362, 405–06, 120 S. Ct. 1495, 1519–20, 146 L. Ed. 2d 389 (2000).

[4]See Tennessee v. Street, 471 U.S. 409, 413–14, 105 S. Ct. 2078, 2081–82, 85 L. Ed. 2d 425 (1985); Winzer v. Hall, 494 F.3d 1192, 1194, 1198–99 (9th Cir. 2007); Shults v. State, 96 Nev. 742, 747–48, 616 P.2d 388, 392 (1980).

[5]See Brecht, 507 U.S. at 623, 637–38, 113 S. Ct. at 1713–14, 1721–22; Babb, 719 F.3d at 1033.

[6]See Cullen v. Pinholster, __ U.S. __, __, 131 S. Ct. 1388, 1403, 179 L. Ed. 557 (2011).

decision "fell below an objective standard of reasonableness,"[7] or, for that matter, that "there is a reasonable probability that . . . the result of the proceeding would have been different"[8] if the evidence had been presented.

AFFIRMED.

---

[7]See Strickland v. Washington, 466 U.S. 668, 688, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).

[8]Id. at 694, 104 S. Ct. at 2068.

4